SAHRBACKER, APPELLEE, *v.* LUCERNE PRODUCTS, INC., APPELLANT.

[Cite as Sahrbacker *v.* Lucerne Products, Inc. (1990), 52 Ohio St. 3d 179.]

(No. 89-1172—Submitted May 9, 1990—Decided July 3, 1990.)

*Hershey & Browne* and *Terrence J. Steel,* for appellee.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Eli Manos, Dale E. Markworth, Ernest Kramer, Cole Co., L.P.A.,* and *Leland D. Cole,* for appellant.

*Per Curiam.* This case was originally presented to us on a motion to certify the record, which we denied. *Sahrbacker* v. *Lucerne Products, Inc.* (1989), 45 Ohio St. 3d 704, 543 N.E. 2d 810. In addition, the court of appeals certified the case to us as being in conflict with *Reeder* v. *Suggs* (June 29, 1982), Allen App. No. 1-81-46, unreported.

In *Reeder, supra,* the plaintiffs in a wrongful death action presented expert testimony on the present value of a decedent's projected future gross earnings. However, the expert had not prepared an analysis of the consumption rate to be applied to this figure, though she conceded that such a calculation was relevant to the present value of earnings. The *Reeder* court held that the jury could be misled because the expert omitted a step in reducing future earnings to present value.

In the instant case, there was no expert testimony presented on the method for reduction to present value; consequently, there is no possibility that the jury was misled by faulty expert testimony. It is settled that reduction to present value lies within the province of the jury. *Maus* v. *New York, Chicago, & St. Louis Rd. Co.* (1956), 165 Ohio St. 281, 59 O.O. 366, 135 N.E. 2d 253. Expert testimony is not required to entitle a plaintiff to recover future earnings. See, *e.g., Chesapeake & Ohio No. Ry. Co.* v. *Adams* (1925), 207 Ky. 668, 269 S.W. 1009; *Prince* v. *Kansas City So. Ry. Co.* (1950), 360 Mo. 580, 299 S.W. 2d 568; *Jacobsen* v. *Poland* (1957), 163 Neb. 590, 80 N.W. 2d 891; *Meier* v. *Bray* (1970), 256 Ore. 613, 475 P. 2d 587. Either party is, of course, free to present proper expert testimony to assist the jury in performing the task of reducing future earnings to present value.

Accordingly, we find that the judgments of the courts of appeals do not conflict on the certified question, and dismiss the appeal on authority of *State* v. *Parobek* (1990), 49 Ohio St. 3d 61, 550 N.E. 2d 476, and the cases cited therein.

*Appeal dismissed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I would reverse the judgment of the court of appeals.